Case 3:23-cv-00008   Document 24   Filed on 06/24/24 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
June 24, 2024
Nathan Ochsner, Clerk

# In the United States District Court
# for the Southern District of Texas

GALVESTON DIVISION

No. 3:23-cv-8

ANGELICA SERRANO, *PLAINTIFF*,

v.

GALVESTON COUNTY, *ET AL.*, *DEFENDANTS*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

Before the court are motions for summary judgment filed by VitalCore Health Strategies and Galveston County. Dkts. 22, 23. The court will grant both motions.

## I.   Background

In September 2020, Angelica Serrano began her sentence at the Galveston County Jail after pleading guilty to possession of methamphetamine. Dkt. 22 at 6. While in jail, Serrano developed a rash. *Id.*

at 7. She requested medical assistance via an inmate request form, and received attention from VitalCore* employees three days later. *Id.*

Serrano was prescribed bactrim to treat her rash on December 22, 2020. *Id.* Two days later, Serrano's rash had worsened, and she additionally complained of a fever and body aches. *Id.* She was then transported to University of Texas Medical Branch in Galveston ("UTMB") and was prescribed prednisone. *Id.*

Serrano returned to the Galveston County Jail on December 29, 2020, and continued to received prednisone as prescribed. *Id.* Then, on January 4, 2021, the treating dermatologist ordered the discontinuation of prednisone without tapering. *Id.* at 8. One week later, Serrano attended a follow-up appointment at the UTMB dermatology clinic and was not re-prescribed prednisone. *Id.*

Most of Serrano's claims stem from the alleged failure to properly taper her prednisone prescription. Dkt. 22-4 at 179:7–180:1. But she also brings allegations concerning the cleanliness of the Galveston County Jail. *See* Dkt. 23 at 19. She alleges that it was "really dirty," that there was "gum on

---

* VitalCore provides health care services to inmates housed at the Galveston County Jail. Dkt. 22 at 1.

everything," and that areas of the prison appeared to contain mold. Dkt. 23-1 at 86:5–87:6.

In her first amended complaint, Serrano alleges various violations of her Fourth, Eighth, and Fourteenth Amendment rights. Dkt. 7 ¶ 1. She has sued Galveston County, Galveston Sheriff Henry Trochesset, VitalCore, and Dr. Gary Killyon, VitalCore's medical director at the Galveston Country Jail. *Id.* ¶ 11. The court then dismissed the claims for illegal detention, the claims for excessive force, and all claims brought against the sheriff in his official capacity. Dkt. 17. Three claims remain: (1) a medical-negligence claim under the Texas Health Care Liability Act, (2) a condition-of-confinement claim alleging deliberately indifferent medical care, and (3) a condition-of-confinement claim for unsanitary conditions.

VitalCore and Galveston County have moved for summary judgment on all claims. Dkts. 22, 23. Serrano did not respond to either motion.

## II.   Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). The movant bears the burden of presenting the basis

for the motion, and the elements of the causes of action on which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to offer specific facts showing a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

The court "may not make credibility determinations or weigh the evidence" in ruling on a summary-judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). But when the nonmoving party has failed "to address or respond to a fact raised by the moving party and supported by evidence," then the fact is undisputed. *Broad. Music, Inc. v. Bentley*, No. SA-16-CV-394-XR, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017). "Such undisputed facts may form the basis for a summary judgment." *Id.*

A motion for summary judgment "cannot be granted simply because there is no opposition." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). When no response is filed, the court may accept as

undisputed the facts set forth in support of the unopposed motion and grant

summary judgment when a *prima facie* showing for entitlement to judgment

is made. *See Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988);

*Rayha v. United Parcel Serv., Inc.*, 940 F. Supp. 1066, 1068 (S.D. Tex. 1996).

## III. Analysis

### A. Medical Negligence

Serrano alleges that VitalCore, the entity responsible for medical care

at the Galveston County Jail, and Dr. Killyon, the site medical director, were

medically negligent under the Texas Healthcare Liability Act. Dkt. 7 ¶ 73.

"Under Texas law, in a medical malpractice action, the plaintiff bears

the burden of proving (1) the physician's duty to act according to an

applicable standard of care; (2) a breach of that standard of care; (3) injury;

and (4) causation." *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir.

2008). "[E]xpert testimony will be *required*" on the issues of negligence and

causation unless the "form of treatment is a matter of common knowledge or

is within the experience of the layman." *Id.* (emphasis added); *see also FFE*

*Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 90 (Tex. 2004) ("Expert

testimony is necessary when the alleged negligence is of such a nature as not

to be within the experience of the layman.").

Serrano contends that VitalCore and Dr. Killyon were medically negligent for failing to properly taper her prescription of prednisone. Dkt. 22-4 at 179:7–180:1. As the proper management of a specific medical prescription is outside the common knowledge of a layman, Serrano was required to offer expert testimony on her negligence claim. She has not done so, nor has she responded to VitalCore's motion with any evidence to support her negligence claim. As Serrano has failed to offer any evidence to establish the threshold standard-of-care issue, the defendants are entitled to summary judgment on the medical-malpractice claim. *Borden v. United States*, 537 F. App'x 570, 575 (5th Cir. 2013); *Honey-Love v. United States*, 664 F. App'x 358, 363 (5th Cir. 2016).

## B. Unconstitutional Confinement: Medical Care

Serrano alleges the defendants "denied her medical care with reckless and wanton disregard to serious medical needs" in violation of her Eighth Amendment rights. Dkt. 7 ¶ 41. Deliberate indifference to a serious medical need may give rise to a conditions-of-confinement claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs [because it] is only such indifference that can offend evolving standards of decency in violation of the Eighth

Amendment." *Cortez-Burlingame v. Galveston Cnty.*, 2022 WL 1114413, at

*2 (5th Cir. Apr. 14, 2022) (quoting *Estelle*, 429 U.S. at 106). "Deliberate

indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of*

*Crim. Just.,* 239 F.3d 752, 756 (5th Cir. 2001). "Unsuccessful medical

treatment, acts of negligence, or medical malpractice do not constitute

deliberate indifference, nor does a prisoner's disagreement with his medical

treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d

339, 346 (5th Cir. 2006). Instead, a plaintiff must show that the defendant

"knows of and disregards an excessive risk to inmate health." *Farmer v.*

*Brennan,* 511 U.S. 825, 837 (1994).

Serrano has failed to establish that any defendant acted with deliberate

indifference to her medical needs. She was twice treated for her rash at the

jail before receiving further treatment at UTMB. *See* Dkt. 23-10. And she was

prescribed medication that alleviated her condition. *See* Dkts. 23-9, 23-10.

As undisputed medical records establish Serrano was treated for her rash,

she falls well below the demanding deliberate-indifference standard.

*Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Huber v. Galveston*

*Cnty.*, 2024 WL 1639732, at *11 (S.D. Tex. Apr. 16, 2024).

The court will grant summary judgment as to all defendants on the

inadequate-medical-care claim.

### C. Unconstitutional Confinement: Unsanitary Conditions

Serrano alleges that her "filthy solitary cell" amounted to an unconstitutional condition of confinement. Dkt. 7 ¶ 23.

A constitutional-confinement claim may be based on unsanitary cell conditions only when the conditions are "so serious as to deprive prisoners of the minimal civilized measure of life's necessities." *Alexander v. Texas Dep't of Crim. Just.*, 951 F.3d 236, 241 (5th Cir. 2020) (citation and internal quotations omitted). While a prison ought to be reasonably clean, "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's own home might be." *Walker v. Davis*, 2019 WL 2465298, at *11 (E.D. Tex. Jan. 10, 2019) (citation omitted).

Serrano's chief complaint is that there appeared to be mold in both her cell and in the main prison showers. Dkt. 23-1 at 86:5–87:1. But a host of federal courts have "repeatedly held that the mere fact that mold is present in a jail does not render an inmate's confinement unconstitutional." *Garcia-Perez v. Guerra*, 2024 WL 645353, at *8 (S.D. Tex. Jan. 17, 2024), *report and recommendation adopted*, 2024 WL 643298 (S.D. Tex. Feb. 15, 2024) (collecting cases). The bare allegation that there might be mold in certain areas of the prison falls well short of the standard required for

unconstitutionally unsanitary conditions. The court will grant summary judgment for Galveston County on Serrano's unsanitary-conditions claim.

*    *    *

For the reasons stated above, VitalCore's motion for summary judgment is granted. Dkt. 22. Galveston County's motion for summary judgment is likewise granted. Dkt. 23. A final judgment will issue separately.

Signed on Galveston Island this 24th day of June, 2024.

_____

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE